UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEASHIA CLARKSON, ET AL.　　　　　　　　　　　CIVIL ACTION

VERSUS

JOHN WHITE　　　　　　　　　　　　　　　　　NO.: 17-00125-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 28)** filed by Defendant, John White. Plaintiffs oppose the motion. (Doc. 41). Oral argument is not necessary. For the reasons that follow, the motion is **GRANTED** and the action is **DISMISSED**.

I.　BACKGROUND

Plaintiffs, Aleashia Clarkson and Kingdom Builders Community Development Corporation ("Kingdom Builders") bring this case for First Amendment religious retaliation under the United States Constitution and Louisiana Constitution. Defendant is Louisiana State Superintendent of Education John White, in his individual capacity. (Doc. 1 at p. 1).

In June 2015, Kingdom Builders submitted an application to operate a charter school to the Lafayette Parish School Board, which was denied. (Doc. 28-2 at ¶ 4). Kingdom Builders appealed this decision to the Louisiana Board of Elementary and Secondary Education ("BESE"). (*Id.* at ¶ 5). In connection with this appeal, both the Louisiana Department of Education ("LDE") and a third-party evaluator contracted by the LDE, SchoolWorks, L.L.C., evaluated Kingdom Builders' application. (*Id.* at ¶

6). SchoolWorks recommended that BESE approve the application, while LDE, through Superintended White, recommended that the application be denied. (*Id.* at ¶¶ 6–7). Superintendent White's primary concern was that, approximately three years prior, while appearing on the reality television show *Supernanny*, Clarkson had expressed a public opinion in favor of corporal punishment.

Following the conflicting reports, BESE deferred ruling on the appeal, and requested that LDE hire an independent third party to review the application and address LDE's concerns. (Doc. 9-3 at p. 18). LDE contracted with Transcendent Legal to conduct the review ordered by BESE. (*See* Doc. 9-5 at p.2). Transcendent Legal's report focused on whether Clarkson possessed "the professional judgment necessary to open and lead a high-performing charter school." (*Id.* at p. 3). Transcendent Legal ultimately concluded that, based on Clarkson's participation on the *Supernanny* program, she did not meet all the expectations of professional norms. (Doc. 9-5 p. 14). Specifically, it found, *inter alia*, that "[t]he public sharing of a very private moment indicates that, at the time, . . . Clarkston did not safeguard the individual freedom of privacy of the children." (*Id.* at p. 13). Further, the report found that Clarkson's participation on the show demonstrated that she "lacks an understanding of the backgrounds and cultures of all students and staff members." (*Id.* at p. 14). Ultimately, BESE denied Plaintiffs' application. (Doc. 28-2 at ¶ 11).

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

2

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a motion for summary judgment is filed, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 846 F.3d 326, 328 (5th Cir. 2017) (quoting *Gates*, 537 F.3d at 417). At this stage, however, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and

3

that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. DISUSSION

The state advances several arguments why Plaintiffs' claims cannot succeed, but the Court need not address each one because the Court ultimately concludes that Plaintiffs have failed to state a valid claim for retaliation.

The First Amendment prohibits the government from taking adverse "action against an individual in retaliation for the exercise of protected speech." *Cripps v. Louisiana Dep't of Agric. & Forestry*, 819 F.3d 221, 229 (5th Cir. 2016). Article I, § 7 of the Louisiana Constitution provides that "[n]o law should curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom."

When an ordinary citizen, as opposed to a government employee, alleges retaliation on the basis of her First Amendment rights, she "must show that (1) [she was] engaged in constitutionally protected activity, (2) the defendants' actions caused [her] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff['s] exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Under Louisiana law, charter school may first submit its application to the local school board with jurisdiction over the area where the school is to be located. La. Rev. Stat. ann. § 17:3983(A)(2)(a)(i). If the charter school's application is denied

4

by the local board, it may then appeal to BESE. *Id.* § 17:3983(A)(2)(a)(i). As Superintendent of Education, White "[m]akes recommendations on contracts and agreements to be entered into by [BESE]." *Id.* § 17:3981. However, only BESE maintains the authority to approve or deny the application for charter schools. *Id.* § 17:3983(A)(2)(c). According to the Louisiana Supreme Court, BESE maintains "the constitutional power to determine education policy for the public schools of the state." *Bd. Of Elementary and Secondary Ed. v. Nix*, 347 So. 2d 147, 150 (La. 1977).

Here, Plaintiffs fail on the second prong because they have not shown that Superintendent White caused them to suffer an injury that would chill a person of ordinary firmness from engaging in a constitutionally protected activity. BESE, not Superintendent White, voted to deny Plaintiffs' appeal. White, who is not a member of BESE, did not have a vote on whether to deny Plaintiffs' application. *See Cripps*, 819 F.3d at 230. Pursuant to Louisiana law, White's role was merely advisory.[1] After Superintendent White raised his concerns, BESE did not vote to deny Plaintiffs' appeal, but rather it deferred ruling until a third party could analyze the concerns of Superintendent White. Moreover, the Lafayette Parish School Board had independently denied Plaintiffs' initial application. There is no evidence in the record to show that Superintendent White was involved with that earlier decision. Under

---

[1] Plaintiffs raise the "cat's paw theory," whereby a person with retaliatory animus used the ultimate decision maker to bring about retaliation. *See Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015). Although there is no "absolute bar on First Amendment liability for those who are not final decisionmakers . . . . N[either] [is] the imputation principles of cat's paw liability applicable to an effort to hold a nondecisionmaker liable." *Sims v. City of Madisonville*, 894 F.3d 632, 641 (5th Cir. 2018). Plaintiffs seeking to establish causation in a 42 U.S.C. § 1983 case must do so through traditional principles of causation. *Id.*

5

these circumstances, Plaintiffs have failed to establish a genuine issue of material fact regarding the causation element of Plaintiffs' First Amendment retaliation claim against Superintendent White.

"As summary judgment is proper as to Plaintiffs' First Amendment claims, summary judgment is also proper on Plaintiffs' Article I, § 7 state law claims." *See Cripps*, 819 F.3d at 230.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that the above-captioned action is **DISMISSED**.

Baton Rouge, Louisiana, this 14th day of September, 2018.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**